UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, upon the relation and for the use of the TENNESSEE VALLEY AUTHORITY, <br><br> *Plaintiff*, <br><br> v. <br><br> AN EASEMENT AND RIGHT-OF-WAY OVER 0.49 ACRES OF LAND, MORE OR LESS, IN MONROE COUNTY, TENNESSEE, JAMES DARRELL WATSON, and PATRICIA S. WATSON, <br><br> *Defendants*. | Case No. 3:22-cv-13 <br><br> Judge Travis R. McDonough <br><br> Magistrate Judge Debra C. Poplin |

## MEMORANDUM OPINION

Before the Court is Plaintiff United States of America's motion for summary judgment (Doc. 15). For the reasons that follow, Plaintiff's motion (*id.*) is **GRANTED**.

### I. BACKGROUND

Three years ago, the Tennessee Valley Authority ("TVA"), initiated a project to build and upgrade transmission lines to meet projected demand in Madisonville, Vonore, and Greenback, Tennessee ("4OAR transmission project"). (Doc. 14, at 1.) Construction on the 4OAR transmission project was set to begin in fall 2022 and conclude in spring 2023. (*Id.*)

TVA, acting as an agent of the United States of America, filed the present suit as an eminent-domain action pursuant to the Declaration of Taking Act, 40 U.S.C. §§ 3114–3118, and the Tennessee Valley Authority Act of 1933, *as amended*, 16 U.S.C. §§ 831 *et seq.* (Doc. 1, at 1.) The sought-after property interest is a "permanent [0.49-acre] easement and right-of-way for

1

electric power and communication circuits and additional rights" to be acquired to effectuate the 4OAR transmission project. (*Id.* at 1–2.) Specifically, TVA intended to "build[] and maintain[] electric power and communication circuits" on the property and "remove trees on the subject property which, in falling, could come within five feet of a TVA transmission line structure or conductor."[1] (Doc. 14, at 2.) Spouses James Darrell Watson and Patricia S. Watson ("the Watsons"), prior to TVA's acquisition, owned the property in fee simple as tenants in the entirety, as per the deed book in the office of the Register of Monroe County, Tennessee. (*Id.* at 1–2.) There was a lien on the property for unpaid county taxes. (*Id.* at 2.) The Watsons were duly served in accordance with Federal Rule of Civil Procedure 71.1(d). (Docs. 13-1, 13-2.)

In compliance with the Declaration of Taking Act, 40 U.S.C. § 3114 *et seq.*, TVA properly filed a Complaint (Doc. 1), a Declaration of Taking (Doc. 1-3), and a Notice of Condemnation (Doc. 1-6), and it supplied the Court with an estimate of the just and liberal compensation to be granted to the Watsons for the taking (Doc. 9). On January 27, 2022, TVA moved for entry of an order of immediate possession of the Watsons' land (Doc. 10). The Watsons did not respond to the motion, nor have they entered an appearance in this matter since its commencement. The Court granted the motion on January 31, 2022, ordering the Watsons to "immediately comply" with the order and "surrender possession of [the] real property." (Doc. 12, at 1–2.)

TVA now seeks summary judgment awarding compensation of $6,500—the predetermined just and liberal amount—for the condemned property rights, as well as an order disbursing the payment to the Watsons. (Doc. 9; Doc. 15, at 1.) In accordance with proper procedure, TVA deposited $6,500 with the Clerk of Court. (Doc. 9.) Twenty-one days have

---

[1] Further description of the property rights sought can be found in the Property Description. (Doc. 1-4.)

now passed since the motion was filed, and the Watsons have not filed a response or otherwise appeared.[2]

## II. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably

---

[2] The Court recognizes that, pursuant to Local Rule 7.2, a party's "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought." E.D. Tenn. L.R. 7.2. Nonetheless, a court must "examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Therefore, the Court will, despite the Watsons' absence, evaluate TVA's motion for just and liberal compensation for the condemned property.

3

find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

**III.  ANALYSIS**

TVA is permitted to take private property for public use in the name of the United States. *See* 16 U.S.C. § 831c(h). However, this power is not without limits; it is subject to the Fifth Amendment's requirement that just compensation be rendered to property owners when the government takes their private property for public use. *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984). Just compensation is defined as the fair market value of the property taken. *See id*. (citing *United States v. 564.54 Acres of Land, More or Less, Situated in Monroe and Pike Cntys., Penn.*, 441 U.S. 506, 511–13 (1979)). When the taking is easement rights, the fair market value is the "difference between the value of the parent tract before the taking and its value after the taking." *United States v. 8.41 Acres of Land, More or Less, Situated in Orange Cnty., Tex.*, 680 F.2d 388, 392 (5th Cir. 1982); *United States ex rel. TVA v. 1.0 Acre of Land, More or Less, in Madison Cnty., Tenn.*, 248 F. Supp. 702, 703 (W.D. Tenn. 1965); *United States ex rel. TVA v. An Easement & Right of Way, Etc.*, 182 F. Supp. 899, 902–03 (M.D. Tenn. 1960); *see also Instructions to Comm'rs*, 61 F.R.D. 503, 512–13 (E.D. Tenn. 1974) ("[T]he landowner's measure of just compensation is the difference between the fair and reasonable market value of the land free and clear of the easement and its fair and reasonable market value, subject to the easement, as of the date of taking, as shown by a preponderance of the evidence.").

4

The amount of compensation owed in an eminent-domain case must be submitted to the jury if so requested. *See* Fed. R. Civ. P. 71.1(h). Because neither party in this case submitted such a request, the Court will determine the appropriate amount of compensation owed for the taking. *United States v. Miller*, 317 U.S. 369, 379–80 (1943).

In determining proper compensation for condemned property, a court should consider the government's estimate of just compensation for the condemned property, recognizing that "the burden of proving the value in a condemnation proceeding is upon the property owner." *Welch v. TVA*, 108 F.2d 95, 101 (6th Cir. 1939) (citations omitted).

TVA provides an affidavit of Ivan J. Antal, II ("Antal") in support of its proposed just-compensation amount. (Doc. 14.) Antal has served as TVA's Manager of Real Property Transactions for over a decade and possesses job duties that include "review[ing] [] appraisal reports prepared by independent appraisers for the purpose of making recommendations to TVA management about the cost of acquiring new property rights." (*Id.* at 1.)

Based on his extensive appraisal experience and review of the appraisal report submitted by an independent appraiser retained by TVA, Antal "determined that TVA's estimate of just and liberal compensation for the new and additional easement (or property) rights is $6,500." (*Id.* at 3.) The appraisal report submitted by an independent appraiser valued the condemned property rights at $6,250. (*Id.*)

The Watsons have not appeared in this matter, nor have they offered any evidence as to the fair market value of an easement on the condemned property. Because TVA has presented an appraisal by Antal—a credentialed and experienced property appraiser—and because the Watsons have not contested the appraisal, summary judgment as to the proposed just-compensation amount is appropriate. *See United States ex rel. TVA v. 1.31 Acres of Land in*

5

*Lauderdale Cnty., Tenn.*, No. 12-2845, 2013 WL 2289880, at *3 (W.D. Tenn. May 23, 2013) ("A moving party is entitled to judgment as a matter of law on the issue of just compensation where the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it."); *United States ex rel. TVA v. Tree-Removal Rights with Respect to Land in McNairy Cnty., Tenn.*, No. 15-1008, 2015 WL 5499434, at *4 (E.D. Tenn. Sept. 16, 2015) (holding that TVA was entitled to summary judgment as to just compensation of tree-removal rights when TVA presented evidence of the market value of the rights and "[n]o Defendant [] challenged [the] figure or the underlying appraisals or [] responded in opposition to TVA's [summary-judgment motion]"). As a result, the Court finds that the proposed payment of $6,500 constitutes just compensation for the condemned property and hereby **GRANTS** TVA's summary-judgment motion (Doc. 15).

## IV. CONCLUSION

For the reasons stated above, TVA's summary-judgment motion (*id.*) is **GRANTED**. The Clerk is **DIRECTED** to disburse the previously-deposited $6,500—including "any accrued interest thereon less the applicable registry fee"—to the Watsons jointly once they provide their social security numbers to the Clerk and to TVA.[3] (Doc. 16-1, at 1–2.)

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

[3] This condition was proposed by TVA for "purposes of reporting the compensation award, and any interest thereon, to federal taxing authorities." (Doc. 16, at 10.)

6

Case 3:22-cv-00013-TRM-DCP   Document 17   Filed 12/27/22   Page 6 of 6   PageID #: 78